# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2026

Lyle W. Cayce
Clerk

————————

No. 25-60531
Summary Calendar

————————

Ana Ailed Quesada-Ladron De Guevara,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 252 415

————————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Ana Ailed Quesada-Ladron De Guevara, a native and citizen of Cuba, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) denial of her motion to reopen her immigration proceedings to rescind an in absentia removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60531

Quesada-Ladron De Guevara fails to show that the BIA abused its discretion in denying her motion to reopen. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016). As relevant here, she does not address the BIA's determination that an alien must show both that her motion to reopen was filed within the limitations period prescribed by the statute *and* extraordinary circumstances. Instead, she argues only that she established extraordinary circumstances. Accordingly, she has forfeited this court's review of the BIA's dispositive finding that her motion to reopen was untimely under § 1229a(b)(5)(C)(i). *See Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023); *Jaco v. Garland*, 24 F.4th 395, 401 n.1. (5th Cir. 2021).

Because the Respondent raises Quesada-Ladron De Guevara's failure to exhaust her due process claim and she did not include this issue in her BIA brief, this court does not consider it. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023). In any event, "a denial of a motion to reopen cannot violate the Due Process Clause because the decision to grant or deny a motion to reopen is purely discretionary and does not implicate a liberty interest." *See Mejia v. Barr*, 952 F.3d 255, 260-61 (5th Cir. 2020).

Quesada-Ladron De Guevara fails to establish that the BIA abused its discretion in denying her equitable tolling based on her failure to establish that she was duly diligent. *See Lugo-Resendez*, 831 F.3d at 340. As it observed, nothing prevented her from contacting the immigration court by phone or mail within 180 days of entry of the in absentia order even though she did not have counsel. Significantly, Migrant Protection Protocol documents in her possession and her notice of hearing included contact information for the immigration court. Despite having all the information that she needed to contact the court and knowing that she had missed her hearing, she inexplicably failed to contact the court. She also waited more than two years

No. 25-60531

to contact a lawyer, and she filed her motion to reopen five years after the 180-day limitations period expired.

The petition for review is DENIED.